BWW#: VA-313477

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE:  
JUANITA MARIE WASHINGTON AKA  
JAUNITA WASHINGTON  
    Debtor

Case No. 15-31571-KRH

Chapter 13

_____

CITIFINANCIAL, INC. D/B/A  
CITIFINANCIAL, INC. (WV)  
    Movant

v.

JUANITA MARIE WASHINGTON AKA  
JAUNITA WASHINGTON  
    Debtor/Respondent

and

CARL M. BATES  
    Trustee/Respondent

_____

## CONSENT ORDER MODIFYING AUTOMATIC STAY

    This matter was before the court on February 21, 2017 on the motion of CitiFinancial, Inc. D/B/A CitiFinancial, Inc. (WV) (the "Movant") for relief from the automatic stay with respect to the real property located at 25133 Floyd Ave, Petersburg, VA 23803 (the "Property) and more particularly described as follows:

ALL THAT CERTAIN PARCEL OF LAND IN ROHOIC DISTRICT , DINWIDDIE COUNTY, COMMONWEALTH OF VA, AS MORE FULLY DESCRIBED IN BOOK 469 PAGE 390 ID# 21I-1-7-9, BEING KNOWN AND DESIGNATED AS LOT 9 BLOCK 7 MAITLAND VILLAGE SUBDIVISION EXTENDED. RECORDED IN PLAT BOOK 7, PAGE 108. BEING THE SAME FEE SIMPLE PROPERTY CONVEYED BY GENERAL WARRANTY DEED FROM TIMOTHY LEE ELMORE TO JUANITA M. WASHINGTON , DATED 11/09/1999 RECORDED ON 11/10/1999 IN BOOK 469, PAGE 390 IN DINWIDDIE COUNTY RECORDS, COMMONWEALTH OF VA.

Upon consideration of which, it is

    **ORDERED:**

1. The Debtor will resume making regular monthly installment payments in the amount of $1,224.04 (subject to adjustment due to interest rate changes or escrow changes) as they become due commencing on April 19, 2017. Late payments will include applicable late charges in the amount of $0.00 (subject to change due to adjustments of the monthly principal and interest payment).

_____
Kyle T. Libby, VSB# 82346  
8100 Three Chopt Road, Suite 240  
Richmond, VA 23229  
(804) 282-0463 (phone)  
*Counsel for the Movant*

2. The Debtor will cure the post-petition arrearage currently due to the Movant through March 19, 2017 in the total amount of $3,672.12, which includes 3 post-petition monthly payments due from January 19, 2017 through March 19, 2017 in the amount of $1,224.04 each, by making the following payments:

   a. $306.01 on or before May 5, 2017;
   b. $306.01 on or before June 05, 2017;
   c. $306.01 on or before July 05, 2017;
   d. $306.01 on or before August 05, 2017;
   e. $306.01 on or before September 05, 2017;
   f. $306.01 on or before October 05, 2017;
   g. $306.01 on or before November 05, 2017;
   h. $306.01 on or before December 05, 2017;
   i. $306.01 on or before January 05, 2018;
   j. $306.01 on or before February 05, 2018;
   k. $306.01 on or before March 05, 2018; and
   l. $306.01 on or before April 05, 2018.

3. In the event that any payment set forth in this order is not received by the Movant within 15 days after it is due, the Movant may mail a notice of default to the Debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to Debtor's counsel and the Trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the Debtor. The notice of default will state in simple and plain language:

   a. That the Debtor is in default in making at least one payment required under this order;
   b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
   c. The action necessary to cure the default, including any address to which payments must be mailed;
   d. That the Debtor or Trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
      i. cure the default;
      ii. file an objection with the court stating that no default exists; or
      iii. file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
   e. That if the Debtor or Trustee does not take one of the actions set forth in paragraph 3(d), the Movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the Debtor; and
   f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

   If the Debtor or Trustee does not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this order and that neither the Debtor nor the Trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

   If the Debtor or Trustee files an objection, the Movant must set the matter for hearing and give notice of the hearing to the Debtor, Debtor's counsel and the Trustee. At the hearing, the

   court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until an order is entered terminating the automatic stay, the Movant may not refuse to accept or apply payments tendered by the Debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the noteholder or servicing agent to send the Debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the Debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the Movant shall be entitled to reasonable attorneys fees in the amount of $50.00 for issuance of a notice of default, and an additional $50.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

Richmond, Virginia

Date: Apr 6 2017

/s/ Kevin R Huennekens
United States Bankruptcy Judge

Entered on Docket: Apr 6 2017

**WE ASK FOR THIS:**

*/s/ Kyle T. Libby*
Kyle T. Libby, VSB# 82346
BWW Law Group, LLC
8100 Three Chopt Road, Suite 240
Richmond, VA 23229
(804) 282-0463 (phone)
(804) 282-0541 (facsimile)
*Counsel for the Movant*

**SEEN AND AGREED:**

_/s/ Amanda E. DeBerry_                    _for_
Patrick Thomas Keith, Esquire
P.O. Box 11588
Richmond, VA 23230
*Counsel for the Debtor*

**SEEN:**

_/s/ Carl M. Bates_
Carl M. Bates, Trustee
P.O. Box 1819
Richmond, VA 23218
*Chapter 13 Trustee*

# **CERTIFICATION**

The undersigned certifies that:

1. The foregoing Consent Order Modifying Automatic Stay is identical to the form order required by Standing Order No. 10-2 and that no modification, addition, or deletion has been made WITH THE EXCEPTION OF THE FOLLOWING:

   a. Paragraph 2 of the order has been modified to include a detailed accounting of the post-petition arrearage owed to the Movant; and

2. The foregoing Consent Order Modifying Automatic Stay has been endorsed by or on behalf of all necessary parties and counsel herein pursuant to Local Rule 9022-1.

                                        _/s/ Kyle T. Libby_
                                        Kyle T. Libby
                                        Counsel for the Movant

cc:

BWW Law Group, LLC
8100 Three Chopt Road, Suite 240
Richmond, VA 23229

Carl M. Bates, Trustee
P.O. Box 1819
Richmond, VA 23218

Patrick Thomas Keith, Esquire
P.O. Box 11588
Richmond, VA 23230

Juanita Marie Washington aka
Juanita Washington

25133 Floyd Ave.
N. Dinwiddie, VA 23803